UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH OVERTON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV145 HEA |
| | ) | |
| AL LUEBBERS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus. The petition will be summarily dismissed.

Petitioner received several concurrent ten-year prison sentences on August 6, 1999, after being found guilty on several counts of statutory rape and statutory sodomy. Overton v. Rowley, 4:00CV1325 SNL (E.D. Mo.) (docket entry no. 32 at 1). Petitioner previously brought a habeas petition in this Court challenging those convictions. Id.

Petitioner now challenges those same convictions a second time. Additionally, petitioner challenges the Missouri Board of Probation and Parole's (the "Board") decision not to grant him conditional release because of his failure to complete the Missouri Sexual Offender Treatment Program ("MOSOP"). Petitioner argues that his

1999 convictions were unconstitutional and, therefore, he should not be required to complete MOSOP before becoming eligible for conditional release.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed insofar as it challenges the constitutionality of the 1999 convictions.

Petitioner is not barred from challenging the Board's decision not to grant him conditional release because this claim is not successive. Olds v. Purkett, No. 05-2095 (8th Cir. Oct. 31, 2005) (unpublished judgment). However, under 28 U.S.C. § 2254(b)(1), a state prisoner must exhaust available remedies before bringing a petition for federal habeas relief. The instant petition and the 136 pages of exhibits contain no indication that petitioner has presented this claim to the state courts. As a

result, the Court will dismiss this claim without prejudice for failure to exhaust state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus is **DISMISSED** without prejudice.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of February, 2008.

                                          HENRY EDWARD AUTREY
                                     UNITED STATES DISTRICT JUDGE