UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH OVERTON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV145 HEA |
| | ) | |
| AL LUEBBERS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion for reconsideration of the Court's Order dismissing this action for failure to exhaust state remedies. Petitioner argues that the Court erred in the Order because it construed the petition as arising under 28 U.S.C. § 2254 instead of 28 U.S.C. § 2241 and because there is no exhaustion requirement or statute of limitations for § 2241 habeas petitions. Upon reconsideration, the Court finds that petitioner is correct. The Court will therefore vacate its Orders dated February 11, 2008. However, the Court will dismiss the petition on the merits because it plainly appears from the face of the petition that petitioner is not entitled to habeas relief. 28 U.S.C. § 2243.

Petitioner received several concurrent ten-year prison sentences on August 6, 1999, after being found guilty on several counts of statutory rape in the first degree and statutory sodomy in the first degree. *Overton v. Rowley*, 4:00CV1325 SNL (E.D. Mo.)

(docket entry no. 32 at 1). Petitioner previously brought a § 2254 habeas petition in this Court challenging those convictions. *Id.* Petitioner's § 2254 habeas petition was denied on July 12, 2001. *Id.* The United States Court of Appeals for the Eighth Circuit denied petitioner's application for certificate of appealability on December 18, 2001.

Petitioner now challenges those same convictions a second time. Additionally, petitioner challenges the Missouri Board of Probation and Parole's (the "Board") decision not to grant him conditional release because of his refusal to complete the Missouri Sexual Offender Treatment Program ("MOSOP"). Petitioner argues that his 1999 convictions were unconstitutional and, therefore, he should not be required to complete MOSOP before becoming eligible for conditional release.

Petitioner is correct that § 2241 is the proper vehicle for challenging the Board's decision. *Jacobson v. United States*, 542 F.2d 725, 727 (8th Cir. 1976). However, a § 2241 petition is subject to summary dismissal if it plainly appears from the face of the petition that petitioner is not entitled to habeas relief. 28 U.S.C. § 2243. In this instance, it is clear from the face of the petition that it fails on the merits.

Petitioner is serving several concurrent ten-year sentences for "sexual assault" offenses. Mo. Rev. Stat. § 589.015. Under Mo. Rev. Stat. § 589.040, prisoners serving sentences for sexual assault offenses must successfully complete the available

institutional treatment programs. The available treatment program in the Missouri Department of Corrections is MOSOP.

Plaintiff admits that he has consistently refused to participate in MOSOP. For this reason, the Board found him ineligible for conditional release under Mo. Rev. Stat. § 589.040.

Petitioner does not argue that Mo. Rev. Stat. § 589.040 is unconstitutional or was unconstitutionally applied to the facts of his case. Rather, petitioner's only argument is that he should not have been required to participate in MOSOP because the underlying criminal convictions were obtained in violation of his constitutional rights.

This Court has no jurisdiction to review the constitutionality of the underlying criminal convictions. 28 U.S.C. § 2244(b)(3)(A). As a result, petitioner's arguments are without merit, and the petition will be dismissed with prejudice.

Additionally, the Court notes that the denial of conditional release has not subjected petitioner to a lengthier prison sentence. Petitioner is incarcerated on the original ten-year sentences, which are running concurrently.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration [#5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Orders dated February 11, 2008, are **VACATED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 [#1] is **DENIED** with prejudice.

Dated this 28th day of February, 2008.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE